**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DEBRA L. SHEPPARD,
Plaintiff-Appellant,

v.

CIH VENTURES, INCORPORATED; CIH
WOODMORE, INCORPORATED; CIH
WOODMORE LIMITED PARTNERSHIP;
CIH PROPERTIES, INCORPORATED; CIH          No. 96-2073
DEVELOPMENT CORPORATION,
Defendants-Appellees,

and

FOURPAR CORPORATION; THE CIH
COMPANIES,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-95-2252)

Argued: June 4, 1997

Decided: June 30, 1997

Before WILLIAMS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gary Howard Simpson, Bethesda, Maryland, for Appellant. Douglas Bennett Mishkin, MCKENNA & CUNEO, L.L.P., Washington, D.C., for Appellees. **ON BRIEF:** Lisa A. Lavelle, MCKENNA & CUNEO, L.L.P., Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Debra L. Sheppard appeals from the district court's entry of summary judgment against her in her Title VII sexual harassment action against her former employer, CIH.[1] CIH hired Sheppard in October 1992 as a sales associate. Sheppard claims that beginning in October 1992 her supervisor at CIH, William Scott, engaged in an ongoing pattern of sexual harassment against her until she left in January 1994. Sheppard initiated three separate courses of action. She first filed a sexual harassment charge with the EEOC. While her EEOC charge was pending, she filed an action alleging common law claims against CIH in the Circuit Court of Fairfax County, Virginia. Later, Sheppard's state court action was dismissed with prejudice for failure to prosecute. Sheppard then filed this Title VII sexual harassment suit in the United States District Court for the District of Maryland. The district court granted CIH summary judgment, holding (1) that Sheppard's Title VII and common law claims were part of the same cause of action and (2) that Sheppard's action in federal court was barred by res judicata because her Title VII claims could have been (but

_____

[1] CIH Ventures, Inc.; CIH Woodmore, Inc.; CIH Woodmore Limited Partnership; CIH Properties, Inc.; and CIH Development Corporation. These corporations and partnership are an affiliated group engaged in real estate development and sales in the Washington, D.C., area.

2

were not) litigated with her common law claims in state court. Sheppard's appeal is now before us for decision.

After considering the joint appendix, the briefs, and the arguments of counsel, we affirm for the reasons stated in the district court's thorough opinion. See Sheppard v. CIH Ventures, Inc. , No. JFM-95-2252 (D. Md. June 24, 1996).

AFFIRMED

3